# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ONTARIO D. FONDREN,<br><br>Plaintiff,<br>v.<br><br>JAY VAN LANEN and SUSAN PETERS,<br><br>Defendants. | Case No. 18-CV-1174-JPS<br><br>**ORDER** |

On March 28, 2019, Plaintiff Ontario D. Fondren ("Fondren"), a prisoner representing himself, filed a motion asking the Court to allow him to pay the balance of the filing fee in this case from his release account. (Docket #45). That request must be denied.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff who is granted leave to proceed without prepayment of the filing fee, as Fondren was in this case, *see* (Docket #12), is required to pay the statutory filing fee of $350.00 for any civil action. See 28 U.S.C. § 1915(b)(1). After an initial partial filing fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

A prisoner's release account is not a suitable source of funds for payment of the full filing fee. "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon

the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Fondren's motion to use release account funds to pay the balance of the filing fee.

As is required under the PLRA, the institution where Fondren is incarcerated will forward payments from his trust account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to pay the full filling fee with funds in his release account (Docket #45) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge